SUMMARY ORDER

Petitioner Juan Lin, a native and citizen of the People’s Republic of China, seeks review of a March 17, 2008 order of the BIA affirming the July 25, 2006 decision of Immigration Judge (“IJ”) Vivienne E. Gordon-Uruakpa denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Juan Lin, No. A 96 401 875 (B.I.A. Mar. 17, 2008), aff'g No. A 96 401 375 (Immig. Ct. N.Y. City July 25, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). This Court reviews the agency’s factual findings under the substantial evidence standard. We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The IJ properly found that Lin testified that the village secretary’s son harassed her by touching her and trying to kiss her, tried to pull her into a room with five of his friends, and spread rumors about her that ruined her reputation. This conduct amounted only to harassment and not persecution. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 342 (2d Cir.2006) (finding that the alleged harm must amount to more than “mere harassment” to constitute persecution); Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005). Because the agency properly found that Lin failed to establish that any incidents she endured constitute persecution, the agency properly denied her application for asylum where no objective evidence indicates that she would be persecuted in the future. See 8 C.F.R. § 1208.13(b). Although she argues that she fears persecution because “one day the secretary[’s] son could rape and even kill her,” she submitted no evidence indicating that the secretary’s son made any such threat or that he would subject her to anything more than he had in the past, which she failed to demonstrate amounted to persecution.
Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Additionally, Lin’s CAT claim must also necessarily fail where it is predicated upon the same facts as her asylum and withholding claims. See Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006) (holding that torture is “something more severe than the kind of treatment that would suffice to prove persecution”).
For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED.